*Chen v. Sessions*

BIA
Nelson, IJ
A087 785 292

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of June, two thousand eighteen.

PRESENT:
RALPH K. WINTER,
JOSÉ A. CABRANES,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

YAN QI CHEN,
*Petitioner,*

v.                                                          17-252
                                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          G. Victoria Calle, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Linda S.
                         Wernery, Assistant Director;
                         Thankful T. Vanderstar, Trial
                         Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yan Qi Chen, a native and citizen of the People's Republic of China, seeks review of a January 12, 2017, decision of the BIA affirming a March 22, 2016, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Qi Chen,* No. A 087 785 292 (B.I.A. Jan. 12, 2017), *aff'g* No. A 087 785 292 (Immig. Ct. N.Y. City Mar. 22, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, reaching only the bases for the adverse credibility ruling that the BIA adopted. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings, including its adverse credibility

2

determination, for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

**I.    Adverse Credibility**

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility ruling on an applicant's "demeanor, candor, or responsiveness," as well as any inconsistencies within or between an applicant's and witness's written and oral statements. 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's determination that Chen's testimony regarding the events in China was not credible. The agency reasonably relied on the lack of consistency between Chen's testimony that he was arrested for attending an underground church in 2007, and his application, which identified his arrest as occurring in 2008. The agency noted that this inconsistency may have been attributable to an innocent cause such as nervousness, but it was compounded

3

by Chen's testimony that his wife's forced abortion took place in 2006. This testimony contradicted his application as well as his wife's testimony and letter, which gave the date of the abortion as November 2007. The agency reasonably determined that Chen's inability to remember the relevant years of the two events that formed the basis of his claim undermined his credibility. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) ("[A] material inconsistency in an aspect of [an applicant]'s story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding." (internal quotation marks and citation omitted)). The negative demeanor finding, based on Chen's multiple long pauses and difficulty answering questions, further supports the adverse credibility ruling. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (granting particular deference to credibility findings based on applicant's demeanor).

Because the adverse credibility ruling is dispositive of Chen's past persecution claims, we do not reach the agency's

alternative ruling that even if Chen is credible, the harm Chen testified to did not rise to the level of persecution. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**II.  Well-Founded Fear**

The agency accepted that Chen currently practices Christianity in the United States.  To establish a well-founded fear of persecution on this basis, Chen was required to show that the Chinese government is "either aware . . . or likely to become aware" of his practice of Christianity. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Chen argues that he met this burden by showing a pattern or practice of persecution of Christians who are similarly situated to him.  *See* 8 C.F.R. § 1208.13(b)(2)(iii). However, we decline to reach Chen's pattern or practice claim because, as the Government argues, he did not adequately raise it before the IJ or BIA.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (providing that judicially imposed issue exhaustion is mandatory); *Foster v.*

5

*U.S. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (issues must generally be raised before the BIA in order to be preserved for judicial review).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court